IN THE
TENTH COURT OF APPEALS
 

No. 10-99-027-CV

Â Â Â Â Â SERVICE FINANCE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â ADRIATIC INSURANCE COMPANY, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 90-445-3
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â We decided this appeal in an opinion issued on May 2, 2001. See Service Fin. v. Adriatic Ins.
Co., No. 10-99-027-CV, 2001 Tex. App. LEXIS 2934 (Tex. App.âWaco May 2, 2001, no pet.
h.). The parties have since filed a joint motion to dismiss this appeal. In relevant portion, Rule
42.1(a) of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
Â Â Â Â Â Â The parties state that they have settled their controversy and ask this Court to dismiss this
appeal. However, they do not request that we withdraw our May 2 opinion. Rule of Appellate
Procedure 42.1(c) requires this Court to determine whether we will withdraw the opinion. See
id. 42.1(c). 
Â Â Â Â Â Â As we have stated on a prior occasion in a similar situation, â[b]ecause our opinion in this
case addresses matters of public importance, our duty as a public tribunal constrains us to publish
our decision.â Polley v. Odom, 963 S.W.2d 917, 918 (Tex. App.âWaco 1998, order, no pet.). 
Accordingly, we vacate our prior judgment dated May 2, 2001 and substitute in its place a
judgment of even date herewith dismissing this appeal. We will not withdraw our prior opinion. 
See id. Costs are taxed against the party incurring same.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed
Opinion delivered and filed June 20, 2001
Publish



bts about an arbitration
agreements scope in favor of arbitration.Â  In re FirstMerit Bank, N.A.,
52 S.W.3d 749, 753 (Tex. 2001).Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  Arbitration agreements are
interpreted under traditional contract principles.Â  J.M. Davidson, 128
S.W.3d at 227.Â  If the trial court finds a valid agreement, the burden shifts
to the party opposing arbitration to raise an affirmative defense to enforcing
arbitration.Â  Id.Â  Absent a defense to enforcing the arbitration
agreement, the trial court has no discretion but to compel arbitration and stay
its own proceedings.Â  In re J.D. Edwards World Solutions Co., 87 S.W.3d
546, 549 (Tex. 2002) (per curiam).

Â 

LDF Constr., Inc. v. Bryan, No. 10-08-00315-CV, 2010 WL 1052863, at
*2 (Tex. App.ÂWaco Mar. 10, 2010, no pet. h.).

Â Â Â Â Â Â Â Â Â Â Â  Souter and Rossa assert that
the provision is not an arbitration provision because it is not specifically
identified as an ÂarbitrationÂ agreement.Â  We disagree.Â  An arbitration
agreement does not have to be in any particular form.Â  Manes v. Dallas
Baptist College, 638 S.W.2d 143, 145 (Tex. App.ÂDallas 1982, writ refÂd
n.r.e.).Â  An agreement in any form is only arbitration if it meets the
definition of Âarbitration.ÂÂ  In re Anaheim Angels Baseball Club, Inc.,
993 S.W.2d 875, 879-80 (Tex. App.ÂEl Paso 1999, orig. proceeding).Â  Arbitration
has been defined as

a contractual proceeding by which the
parties to a controversy or dispute, in order to obtain a speedy and
inexpensive final disposition of matters involved, voluntarily select
arbitrators or judges of their own choice, and by consent submit the
controversy to such tribunal for determination in substitution for the
tribunals provided by the ordinary processes of the law.

Â 

Jack
B. Anglin Co. v. Tipps,
842 S.W.2d 266, 268 (Tex. 1992).Â  Another definition is:

Â 

A method of dispute resolution involving
one or more neutral third parties who are usu. agreed to by the disputing
parties and whose decision is binding.

Â 

BlackÂs Law Dictionary 119 (9th ed. 2009).

Â 

Â Â Â Â Â Â Â Â Â Â Â  The provision at issue is an
arbitration agreement.

Â Â Â Â Â Â Â Â Â Â Â  Souter and Rossa next assert
that the provision only covers the issue of damages and that therefore
liability can be litigated.Â  We disagree.

To determine whether an arbitration
agreement covers a partyÂs claims, a court must focus on the complaintÂs
factual allegations, not the legal causes of action asserted.Â  FirstMerit
Bank, 52 S.W.3d at 754.Â  We are to construe arbitration clauses broadly,
and when a contract contains an arbitration clause, there is a presumption of
arbitrability.Â  See AT & T Tech., Inc. v. Communications Workers of Am.,
475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986).Â  Any doubts as
to arbitrability are to be resolved in favor of coverage.Â  FirstMerit Bank,
52 S.W.3d at 754.Â  Likewise, we resolve any doubts about the scope of the
arbitration agreement in favor of coverage.Â  Id.Â  In fact, the policy in
favor of enforcing arbitration agreements is so compelling that a court should
not deny arbitration unless it can be said with positive assurance that an
arbitration clause is not susceptible of an interpretation covering the dispute
at issue.Â  Prudential Sec., Inc. v. Marshall, 909 S.W.2d 896, 899 (Tex.
1995).

Â Â Â Â Â Â Â Â Â Â Â  Generally, if the facts
alleged Âtouch mattersÂ that are covered by, have a Âsignificant relationshipÂ
to, are Âinextricably enmeshedÂ with, or are Âfactually intertwinedÂ with the
contract that contains the arbitration agreement, the claims are arbitrable.Â  Pennzoil
Co. v. Arnold Oil Co., 30 S.W.3d 494, 498 (Tex. App.ÂSan Antonio 2000,
orig. proceeding).Â  In other words, to come within the scope of the arbitration
provision, a partyÂs allegations need only be factually intertwined with
arbitrable claims or otherwise touch upon the subject matter of the agreement
containing the arbitration provision.Â  See Prudential, 909 S.W.2d at
900; Jack B. Anglin Co., 842 S.W.2d at 271.

Â Â Â Â Â Â Â Â Â Â Â  In their petition, Souter
and Rossa plead that the whole purpose of the addendum was to add requirements
governing ETFÂs actions on the properties and the restoration of the
propertiesÂ surface.Â  Their factual allegations regarding surface damage caused
and not remediated by ETF pertain to both liability and damages, which are
factually intertwined.Â  Therefore, we hold that all the claims against ETF are
within the scope of the arbitration agreement and sustain ETFÂs sole issue.Â  We
reverse the trial courtÂs order denying ETFÂs motion to compel arbitration and
remand this case for the entry of an order compelling the parties to
arbitration and for further proceedings consistent with this opinion.

Â 

Â 

REX D. DAVIS

Justice

Â Â Â Â Â Â Â Â Â Â Â  




Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Reversed
and remanded

Opinion
delivered and filed April 21, 2010

[CV06]








Â 









[1]
Souter and Rossa also sue for specific performance under the agreement and for
declaratory judgment relating to disputes on interpretation of the agreement.

Â 





[2]
In their petition, Souter and Rossa assert that ETF breached the agreement by:

Â·Â Â Â Â Â Â Â Â 
Failing to restore the low water crossings;

Â·Â Â Â Â Â Â Â Â 
Rendering the existing low water crossings unusable;

Â·Â Â Â Â Â Â Â Â 
Creating ridges on the properties that divert water flow and
cause erosion;

Â·Â Â Â Â Â Â Â Â 
Failing to re-seed the properties with native grasses;

Â·Â Â Â Â Â Â Â Â 
Failing to restore proper gating;

Â·Â Â Â Â Â Â Â Â 
Failing to accurately and properly mark the pipelines; and

Â·Â Â Â Â Â Â Â Â 
Failing to perform proper erosion control.

Â 





[3]
ETF asserts that the Federal Arbitration Act applies because the pipeline
involves interstate commerce.Â  See 9 U.S.C. Â§ 2.Â  Souter and Rossa do
not disagree.