Robert J. PIRO, Earle S. Lilly,
and Piro & Lilly, L.L.P.,
Appellants,

v.

Fayez SAROFIM, Independent Exec-
utor of the Estate of Linda Saro-
fim Lowe, Deceased, Appellee.

Fayez Sarofim, Independent Executor
of the Estate of Linda Sarofim
Lowe, Deceased, Appellant,

v.

Robert J. Piro, Earle S. Lilly, and Piro
& Lilly, L.L.P., Appellees.

No. 01–00–00398–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 27, 2002.

Lynn S. Kuriger, Robert J. Piro, Piro & Lilly, L.L.P., Houston, for Appellants.

Tina Snelling, Tina Snelling & Associates, Houston, Michael M. Phillips, Angleton, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and RADACK.

## OPINION ON MOTION TO PUBLISH

SHERRY J. RADACK, Justice.

Harvey Brown, a nonparty to this appeal, filed a motion to publish the portion of our April 11, 2002 opinion discussing issue two. *See generally* TEX.R.APP. P. 47.3(c). The parties have not opposed the motion. We grant the motion and issue this published opinion that incorporates the portion of our April 11, 2002 opinion discussing issue two.

Linda Sarofim Lowe hired Robert J. Piro, Earle S. Lilly, and the firm of Piro & Lilly, L.L.P. ("the lawyers") to represent her in her divorce from Fayez Sarofim. After the conclusion of the divorce proceeding, Lowe sued the lawyers for breach of fiduciary duty and other causes of action, claiming they charged her excessive fees for the divorce. Lowe also asked the trial court to forfeit the attorneys' fees.

The jury found that the lawyers breached their fiduciary duty to Lowe and awarded her $3,000,000 in actual damages. In the alternative, the trial court forfeited the

attorneys' fees amounting to $3,000,000. The trial court in its judgment stated, "it is not the intention of the Court that Plaintiff obtain both actual damages and the equitable remedy of fee forfeiture for Defendants' breaches of fiduciary duty." The total award to Lowe in the final judgment was $3,000,000, alternatively based on breach of fiduciary duty or fee forfeiture. On appeal, the lawyers bring eight issues. Fayez Sarofim, independent executor of the estate of Linda Sarofim Lowe, deceased, brings a single point of error.[1]

 In issue two, the lawyers contend the trial court erred by (1) not excluding Lowe's expert witnesses on legal ethics (George Edwin Brooks, W. Amon Burton, Jr., and James M. McCormack), (2) refusing the lawyers' request for a "live gatekeeper hearing," as opposed to evaluating the proposed experts based on deposition and affidavit testimony, and (3) allowing the experts to use the Texas Disciplinary Rules of Professional Conduct in their testimony. The trial objections on which the lawyers base issue two were their request that the proposed experts be examined at the hearing and their written motion to exclude the experts' testimony based on Texas Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, and *E.I. du Pont de Nemours & Co. v. Robinson. Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *E.I. du Pont de Nemours and Company, Inc. v. Robinson*, 923 S.W.2d 549 (Tex.1995).[2] Regarding the testimony of Burton and McCormack, the lawyers contend it violates the *Robinson* factors because "[t]heir conclusions have not been tested, been subjected to peer review, or been generally accepted by the legal community, and all of their conclusions were carefully crafted for this lawsuit and clearly based on their subjective interpretation of the Disciplinary Rules or the facts about which they had no knowledge."

 In deciding if an expert is qualified, trial courts "must ensure that those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion." *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 719 (Tex.1998). The supreme court has explained that *Daubert* and Rule 702 demand that the district court evaluate the methods, analysis, and principles relied upon in reaching the opinion. The court should ensure that the opinion comports with applicable professional standards outside the courtroom and that it will have a reliable basis in the knowledge and experience of the discipline. *Gammill*, 972 S.W.2d at 725–26. In *Gammill*, the court recognized that the *Robinson* factors may not apply to certain testimony. *Id.* at 726. However, there still must be some basis for the opinion offered to show its reliability, and, ultimately, the trial court must determine how to assess reliability. *Id.* at 726.

There is a fundamental procedural difficulty with the lawyers' appellate argument. The record references they marshal to demonstrate why the experts do not meet the *Robinson* factors are all from testimony that occurred *after* the hearing on their motion. Nowhere in the lawyers' appellate brief do they demonstrate they specifically objected to the experts' testimony as offered to the jury. *See* Harvey Brown, *Procedural Issues Under* Daubert, 36 HOUS. L.REV. 1133, 1146–47 (1999) (sug-

---

1. Because Lowe's death does not affect any issue in this appeal, we will refer to her executor as "Lowe."

2. We limit our review to those subissues properly preserved at trial by an appropriate trial objection. *See* TEX.R.APP. P. 33(1)(a).

gesting overruling of *Robinson* motion does not preserve error). This means the lawyers have asked us to review the trial court's initial *Robinson* decision based on what the experts said later at trial. The lawyers also do not ·indicate that they reurged their *Robinson* objection before the case was submitted to the jury. Thus, we cannot hold that the trial court abused its discretion at the initial *Robinson* hearing.

■ We recognize the relationship between (1) requiring the lawyers to specifically object to the expert witnesses' trial testimony and (2) the trial court's decision to base the *Robinson* ruling on the ·experts' deposition and affidavit testimony, rather than calling the experts to testify at the hearing. The lawyers did not present authority—either at trial or on appeal—that *Robinson* requires such a live hearing, and we are not aware of any. The equivalent federal rule does not expressly require an evidentiary hearing, and the trial court's decision on how to hold such a hearing falls within its discretion:

> The trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable. Our opinion in *Joiner* makes clear that a court of ap-·peals is to apply an abuse-of-discretion standard when it "review[s] a trial court's decision to admit or exclude expert testimony." 522 U.S. at 138–139, 118 S.Ct. 512, 139 L.Ed.2d 508. That standard applies as much to the trial court's decisions about how to determine reliability as to its ultimate conclusion.· Otherwise, the trial judge would lack the discretionary authority needed both to avoid unnecessary "reliability" proceed-

ings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises. Indeed, the Rules seek to avoid "unjustifiable expense and delay" as part of their search for "truth" and the "jus[t] determin[ation]" of proceedings.

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152–53, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999); *see* Brown, 36 Hous. L.Rev. at 1149–53.

■ Because the Texas Supreme Court permits *Robinson* objections when the evidence is offered at trial, we will use the federal abuse-of-discretion review of a trial court's decision whether, when, and how to hold a *Robinson* hearing. In exercising this discretion, however, the trial court should keep in mind the supreme court's admonition that "[c]ourts should allow a party ... to present the best available evidence." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 720 (Tex.1997).

We note that the trial court did place limits on the experts' use of the Texas Disciplinary Rules of Professional Conduct in their testimony. The lawyers neither point to anywhere in the record where they objected that the witnesses were testifying outside of the limits imposed by the trial court, nor do they explain how the specific testimony violated those limits. *See* Brown, 36 Hous. L.Rev. at 1145 (discussing effect of trial court limiting expert's testimony).

■ Finally, the lawyers argue that the supreme court in *Havner* relieved opponents of expert testimony from the duty to preserve error. 953 S.W.2d at 712. We disagree. The supreme court's opinion in *Maritime Overseas Corp. v. Ellis* reiterates the necessity of objecting to the

evidence before trial or when the evidence is offered. 971 S.W.2d 402, 409 (Tex.1998); *see also* TEX.R.APP. P. 33.1(a); TEX.R. EVID. 103(a)(1).

We overrule issue two. The disposition of the remaining issues is discussed in our April 11, 2002 unpublished opinion.

Since the time we rendered judgment and issued our opinion, the parties have settled. By a separate order, we have (1) vacated our April 11, 2002 judgment affirming the trial court's judgment and (2) dismissed the appeal. *See* TEX.R.APP. P. 42.1. We decline, however, to withdraw our April 11, 2002 opinion. *See generally Houston Cable TV, Inc. v. Inwood W. Civic Ass'n,* 860 S.W.2d 72, 73 (Tex.1993).