**Opinion issued December 13, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00740-CV

————————————

**JAVIER ALVARADO, Appellant**

**V.**

**LEXINGTON INSURANCE COMPANY, Appellee**

———————————————————————————————————————

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2009-36711A**

———————————————————————————————————————

## SUPPLEMENTAL MEMORANDUM OPINION

The parties have filed a joint motion stating that they have reached a settlement agreement and requesting that we withdraw our opinion dated October 18, 2012, vacate our judgment dated October 18, 2012, and dismiss the appeal. We **grant** the motion in part and **deny** the motion in part. *See* TEX. R. APP. P.

42.1(a)(2) (providing that appellate court may dispose of appeal in accordance with agreement signed by parties or their attorneys); TEX. R. APP. P. 42.1(c) ("In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued. An agreement or motion for dismissal cannot be conditioned on withdrawal of the opinion.").

The Texas Supreme Court has made the policy concerns with withdrawing opinions after settlement clear:

> A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court. Our courts are endowed with a public purpose—they do not sit merely as private tribunals to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance.

*Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam); *Vida v. El Paso Emps. Fed. Credit Union*, 885 S.W.2d 177, 182 (Tex. App.—El Paso 1994, no writ) (on rehearing) ("Although this Court certainly encourages the settlement of controversies, we remind the parties that we do not sit as a purely private tribunal to settle private disputes. We believe that our opinion in this case involves matters of public importance, and our duty as an appellate court requires that we publish our decision.").

The opinion in this case addresses the important issue of the determination of the third-party beneficiary status of a homeowner whose mortgage company has

obtained a force-placed insurance policy regarding the mortgaged property. Without a statement from the settling parties as to why withdrawing the opinions serves the public interest, we decline to withdraw the October 18, 2012 majority opinion and the April 19, 2012 dissenting opinion.

However, to facilitate the parties' settlement agreement, we grant the motion to vacate our October 18, 2012 judgment, and we dismiss the appeal. *See Houston Cable TV*, 860 S.W.2d at 73; *Piro v. Sarofim*, 80 S.W.3d 717, 721 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Polley v. Odom*, 963 S.W.2d 917, 918 (Tex. App.—Waco 1998, order) (per curiam).

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Sharp.