**HOUSTON CABLE TV, INC., Warner Cable Communications, Inc., Warner Cable Communications of Harris County, Inc., and Warner Communications, Inc., Petitioners,** ○

v.

**INWOOD WEST CIVIC ASSOCIATION, et al., Respondents.**

No. D–3190.

Supreme Court of Texas.

May 19, 1993.

Jennifer Bruch Hogan, Ben Taylor, Ronald G. Wiesenthal, Houston, for petitioners.

David W. Holman, Cheryle R. Johnston, Kevin H. George, Houston, for respondents.

**ON MOTION FOR REHEARING**

PER CURIAM.

Seventeen neighborhood civic clubs and/or homeowners' associations [1] (Plaintiffs) sued Houston Cable TV, Inc. and others [2] (Cable

---

1. The Plaintiffs include Inwood West Civic Association, Oak Creek Civic Association, United District Civic Club, Grantwood Civic Association, Turtle Hill Village Maintenance Fund, Inc., McKamy Meadows C.I.A., Belmar Civic Club,

Tower Oaks Civic Club, Ponderosa Forest Civic Association, Oakwood Glen Association, Westador Civic Association, Sequoia Estates Civic Club, North Hill Estates Civic Club, The Huntwick Improvement Association, Cutten Green Association, Tallowood Homeowners Association and Windfern Forest Civic Improvement Association.

2. The other defendants include Warner Communications, Inc., Warner Cable Communications, Inc. and Warner Cable Communications of Harris County, Inc.

TV). After a jury trial, the trial court rendered judgment in favor of Plaintiffs. The court of appeals affirmed. 839 S.W.2d 497. After Cable TV filed an application for writ of error, Plaintiffs and Cable TV settled and filed a joint motion (pursuant to settlement) to grant application for writ of error, vacate judgment of the court of appeals and its opinion reported at 839 S.W.2d 497 and vacate judgment of the district court (joint motion to grant application). In their joint motion to grant application, they stated that "[a]s a condition precedent to their settlement, the parties have agreed that the petitioners' application for writ of error should be granted; the judgments of the court of appeals and the trial court should be vacated; the opinion of the court of appeals should be vacated, and costs should be taxed against the party incurring same." We overruled the joint motion to grant application. Plaintiffs and Cable TV have filed a joint motion for rehearing of their joint motion to grant application. They assert that if this court will not grant the relief requested in their joint motion to grant application, they alternatively ask that this court (1) grant the application for writ of error, reverse the judgment of the court of appeals and remand the cause to the court of appeals so that it may determine whether to vacate its opinion, or (2) grant the application for writ of error, vacate the judgments of the court of appeals and the trial court, and render judgment that Plaintiffs take nothing on their claims against Cable TV with all costs taxed against the party incurring the same. However, Plaintiffs and Cable TV argue that if this court now has a procedure which precludes rendition, they ask that this case be remanded either to the court of appeals or the trial court for entry of judgment in accordance with the parties' settlement agreement.

▆▆▆ A settlement does not automatically require the vacating of a court of appeals'

opinion—either by this court or by the intermediate appellate court. Our courts are endowed with a public purpose—they do not sit merely as private tribunals to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance. This court recently adopted a procedure that allows the parties to resolve their disputes during the pendency of the appeal to this court while preserving the public nature of the court of appeals' opinion. Upon joint motion, this court grants the application for writ of error without reference to the merits, sets aside the judgments of the court of appeals and trial court without reference to the merits and remands the cause to the trial court for entry of judgment in accordance with the settlement agreement of the parties—the court of appeals' opinion is not vacated.[3] *Kidder, Peabody & Co., Inc. v. Lutheran Brotherhood,* 840 S.W.2d 384 (Tex.1992). *See Harbison–Fisher Manufacturing Co., Inc. v. Mohawk Data Sciences Corp.,* 840 S.W.2d 383 (Tex.1992); *Commonwealth Lloyd's Ins. Co. v. Thomas,* 843 S.W.2d 486 (Tex.1993).[4]

In *Kidder, Peabody,* the parties filed a joint motion to grant the application for writ of error, vacate the judgment and opinion of the court of appeals and dismiss the cause as moot. This court overruled the motion and dismissed the application for writ of error. On rehearing, we granted the joint motion for rehearing in part, withdrew the prior orders overruling the joint motion to grant application and dismissing the application for writ of error, granted the application for writ of error without reference to the merits, set aside the judgments of the court of appeals and trial court without reference to the merits and remanded the cause to the trial court for entry of judgment in accordance with the settlement agreement of the parties. *Id.* at 384. Consequently, the joint motion for re-

---

3. Although the application for writ of error is granted, the precedential authority of a court of appeals opinion which is not vacated under these circumstances is equivalent to a "writ dismissed" case.

4. This procedure reflects a change from several recent decisions. *See Borden, Inc. v. De La Rosa,*

831 S.W.2d 304 (Tex.1992); *Exxon Gas Sys., Inc. v. Brandywine Indus. Gas, Inc.,* 830 S.W.2d 921 (Tex.1992); *Texas Health Enterprises, Inc. v. Krell,* 830 S.W.2d 922 (Tex.1992); *Texas Water Comm'n v. Coalition Advocating a Safe Environment,* 819 S.W.2d 799 (Tex.1991).

hearing of Plaintiffs and Cable TV is granted in part and the Order of this court of April 7, 1993 overruling the joint motion to grant application is withdrawn. Cable TV's application for writ of error is granted without reference to the merits, the judgments of the court of appeals and the trial court are set aside without reference to the merits and the cause is remanded to the trial court for entry of judgment in accordance with the settlement agreement of the parties.