Linda POLLEY, Appellant,

v.

Rex ODOM, Appellee.

No. 10–96–197–CV.

Court of Appeals of Texas,
Waco.

Feb. 25, 1998.

Bennett S. Bartlett, Farnsworth & Vonberg, Houston, for appellant.

Brett C. Govett, Fulbright & Jaworski, L.L.P., Dallas, Renee Alison Forinash, Fulbright & Jaworski, L.L.P., San Antonio, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## ORDER

PER CURIAM.

On February 17, 1998, the parties filed a "Joint Motion to Withdraw Opinion and Judgment, and to Reverse and Remand for Entry of Judgment Pursuant to Settlement Agreement." The motion is signed by attorneys for both the appellant and the appellee. In the motion, the parties request that we withdraw our prior opinion and judgment issued in this cause and reverse the judgment of the trial court and remand this cause to that court for the entry of a final judgment pursuant to the parties' settlement agreement. The parties ask in the alternative that we redesignate the opinion as an unpublished opinion.

Rule 42.1(a)(1) of the Rules of Appellate Procedure provides in pertinent part that an appellate court may dispose of an appeal "in accordance with an agreement signed by all parties or their attorneys and filed with the clerk." TEX.R.APP. P. 42.1(a)(1). However, as the Supreme Court has stated:

A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court. Our courts

918

are endowed with a public purpose—they do not sit merely as private tribunals to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance.

*Houston Cable TV, Inc. v. Inwood West Civic Ass'n,* 860 S.W.2d 72, 73 (Tex.1993) (on rehearing); *see also Vida v. El Paso Employees' Fed. Credit Union,* 885 S.W.2d 177, 182 (Tex.App.—El Paso 1994, no writ) (on rehearing).

Because our opinion in this case addresses matters of public importance, our duty as a public tribunal constrains us to publish our decision. *See Vida,* 885 S.W.2d at 182. However, we grant the parties' motion in part. To facilitate the parties' settlement agreement, we will vacate our prior judgment dated December 10, 1997, and substitute in its place a judgment reversing the trial court's judgment and remanding this cause to that court for entry of a final judgment pursuant to the parties' settlement agreement. We overrule the parties' motion to the extent that it requests we withdraw our prior opinion of December 10 or that we redesignate the opinion as an unpublished opinion.