Opinion issued June 27, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00398-CV

____________


ROBERT J. PIRO, EARLE S. LILLY, AND PIRO & LILLY, L.L.P.,
Appellants


V.


FAYEZ SAROFIM, INDEPENDENT EXECUTOR OF THE ESTATE OF
LINDA SAROFIM LOWE, DECEASED, Appellee


and


FAYEZ SAROFIM, INDEPENDENT EXECUTOR OF THE ESTATE OF
LINDA SAROFIM LOWE, DECEASED, Appellant


V.


ROBERT J. PIRO, EARLE S. LILLY, AND PIRO & LILLY, L.L.P.,
Appellees








On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 97-62103






OPINION ON MOTION TO PUBLISH

 Harvey Brown, a nonparty to this appeal, filed a motion to publish the portion
of our April 11, 2002 opinion discussing issue two. See generally Tex. R. App. P.
47.3(c). The parties have not opposed the motion. We grant the motion and issue this
published opinion that incorporates the portion of our April 11, 2002 opinion
discussing issue two.

 Linda Sarofim Lowe hired Robert J. Piro, Earle S. Lilly, and the firm of Piro
& Lilly, L.L.P. ("the lawyers") to represent her in her divorce from Fayez Sarofim. 
After the conclusion of the divorce proceeding, Lowe sued the lawyers for breach of
fiduciary duty and other causes of action, claiming they charged her excessive fees
for the divorce. Lowe also asked the trial court to forfeit the attorneys' fees.

 The jury found that the lawyers breached their fiduciary duty to Lowe and
awarded her $3,000,000 in actual damages. In the alternative, the trial court forfeited
the attorneys' fees amounting to $3,000,000. The trial court in its judgment stated,
"it is not the intention of the Court that Plaintiff obtain both actual damages and the
equitable remedy of fee forfeiture for Defendants' breaches of fiduciary duty." The
total award to Lowe in the final judgment was $3,000,000, alternatively based on
breach of fiduciary duty or fee forfeiture. On appeal, the lawyers bring eight issues. 
Fayez Sarofim, independent executor of the estate of Linda Sarofim Lowe, deceased,
brings a single point of error. (1)

 In issue two, the lawyers contend the trial court erred by (1) not excluding
Lowe's expert witnesses on legal ethics (George Edwin Brooks, W. Amon Burton,
Jr., and James M. McCormack), (2) refusing the lawyers' request for a "live
gatekeeper hearing," as opposed to evaluating the proposed experts based on
deposition and affidavit testimony, and (3) allowing the experts to use the Texas
Disciplinary Rules of Professional Conduct in their testimony. The trial objections
on which the lawyers base issue two were their request that the proposed experts be
examined at the hearing and their written motion to exclude the experts' testimony
based on Texas Rule of Evidence 702, Daubert v. Merrell Dow Pharmaceuticals,
Inc., and E.I. DuPont de Nemours & Co. v. Robinson. Daubert, 509 U.S. 579, 113
S. Ct. 2786 (1993); Robinson, 923 S.W.2d 549 (Tex. 1995). (2) Regarding the
testimony of Burton and McCormack, the lawyers contend it violates the Robinson
factors because "[t]heir conclusions have not been tested, been subjected to peer
review, or been generally accepted by the legal community, and all of their
conclusions were carefully crafted for this lawsuit and clearly based on their
subjective interpretation of the Disciplinary Rules or the facts about which they had
no knowledge."

 In deciding if an expert is qualified, trial courts "must ensure that those who
purport to be experts truly have expertise concerning the actual subject about which
they are offering an opinion." Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d
713, 719 (Tex. 1998). The supreme court has explained that Daubert and Rule 702
demand that the district court evaluate the methods, analysis, and principles relied
upon in reaching the opinion. The court should ensure that the opinion comports with
applicable professional standards outside the courtroom and that it will have a reliable
basis in the knowledge and experience of the discipline. Gammill, 972 S.W.2d at
725-26. In Gammill, the court recognized that the Robinson factors may not apply
to certain testimony. Id. at 726. However, there still must be some basis for the
opinion offered to show its reliability, and, ultimately, the trial court must determine
how to assess reliability. Id. at 726.

 There is a fundamental procedural difficulty with the lawyers' appellate
argument. The record references they marshal to demonstrate why the experts do not
meet the Robinson factors are all from testimony that occurred after the hearing on
their motion. Nowhere in the lawyers' appellate brief do they demonstrate they
specifically objected to the experts' testimony as offered to the jury. See Harvey
Brown, Procedural Issues Under Daubert, 36 Hous. L. Rev. 1133, 1146-47 (1999)
(suggesting overruling of Robinson motion does not preserve error). This means the
lawyers have asked us to review the trial court's initial Robinson decision based on
what the experts said later at trial. The lawyers also do not indicate that they reurged
their Robinson objection before the case was submitted to the jury. Thus, we cannot
hold that the trial court abused its discretion at the initial Robinson hearing.

 We recognize the relationship between (1) requiring the lawyers to specifically
object to the expert witnesses' trial testimony and (2) the trial court's decision to base
the Robinson ruling on the experts' deposition and affidavit testimony, rather than
calling the experts to testify at the hearing. The lawyers did not present
authority--either at trial or on appeal--that Robinson requires such a live hearing,
and we are not aware of any. The equivalent federal rule does not expressly require
an evidentiary hearing, and the trial court's decision on how to hold such a hearing
falls within its discretion:

 The trial court must have the same kind of latitude in deciding how to
test an expert's reliability, and to decide whether or when special
briefing or other proceedings are needed to investigate reliability, as it
enjoys when it decides whether or not that expert's relevant testimony
is reliable. Our opinion in Joiner makes clear that a court of appeals is
to apply an abuse-of-discretion standard when it "review[s] a trial
court's decision to admit or exclude expert testimony." 522 U.S., at
138-139, 118 S.Ct. 512. That standard applies as much to the trial
court's decisions about how to determine reliability as to its ultimate
conclusion. Otherwise, the trial judge would lack the discretionary
authority needed both to avoid unnecessary "reliability" proceedings in
ordinary cases where the reliability of an expert's methods is properly
taken for granted, and to require appropriate proceedings in the less
usual or more complex cases where cause for questioning the expert's
reliability arises. Indeed, the Rules seek to avoid "unjustifiable expense
and delay" as part of their search for "truth" and the "jus[t]
determin[ation]" of proceedings.


Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 152-53, 119 S. Ct. 1167, 1176 (1999);
see Brown, 36 Hous. L. Rev. at 1149-53.

 Because the Texas Supreme Court permits Robinson objections when the
evidence is offered at trial, we will use the federal abuse-of-discretion review of a
trial court's decision whether, when, and how to hold a Robinson hearing. In
exercising this discretion, however, the trial court should keep in mind the supreme
court's admonition that "[c]ourts should allow a party . . . to present the best available
evidence." Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 720 (Tex. 1997).

 We note that the trial court did place limits on the experts' use of the Texas
Disciplinary Rules of Professional Conduct in their testimony. The lawyers neither
point to anywhere in the record where they objected that the witnesses were testifying
outside of the limits imposed by the trial court, nor do they explain how the specific
testimony violated those limits. See Brown, 36 Hous. L. Rev. at 1145 (discussing
effect of trial court limiting expert's testimony).

 Finally, the lawyers argue that the supreme court in Havner relieved opponents
of expert testimony from the duty to preserve error. 953 S.W.2d at 712. We disagree. 
The supreme court's opinion in Maritime Overseas Corp. v. Ellis reiterates the
necessity of objecting to the evidence before trial or when the evidence is offered. 
971 S.W.2d 402, 409 (Tex. 1998); see also Tex. R. App. P. 33.1(a); Tex. R. Evid.
103(a)(1).

 We overrule issue two. The disposition of the remaining issues is discussed
in our April 11, 2002 unpublished opinion.

 Since the time we rendered judgment and issued our opinion, the parties have
settled. By a separate order, we have (1) vacated our April 11, 2002 judgment
affirming the trial court's judgment and (2) dismissed the appeal. See Tex. R. App.
P. 42.1. We decline, however, to withdraw our April 11, 2002 opinion. See generally
Houston Cable TV, Inc. v. Inwood W. Civic Ass'n, 860 S.W.2d 72, 73 (Tex. 1993).



Sherry J. Radack

Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Publish. Tex. R. App. P. 47.3(c).
1. Because Lowe's death does not affect any issue in this appeal, we will refer to
her executor as "Lowe."
2. We limit our review to those subissues properly preserved at trial by an
appropriate trial objection. See Tex. R. App. P. 33(1)(a).