DFW v. Sharon Funderburk

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-249-CV

DALLAS/FORT WORTH APPELLANT

INTERNATIONAL AIRPORT BOARD

V.

SHARON FUNDERBURK APPELLEE

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON REMAND

------------

After we issued our opinion in this case, the parties settled.  
As part of the settlement agreement, the parties agreed to seek withdrawal of our opinion.  T
o effectuate their agreement and obtain the relief afforded 
under Texas Rule of Appellate Procedure 56.3, 
Appellant Dallas/Fort Worth International Airport Board filed a petition for review
.  
See
 
Tex. R. App. P. 56.3.
  The Texas Supreme Court then granted the petition for review without hearing oral argument or considering the merits and remanded the case to us “for rendition of judgment pursuant to the parties’ settlement agreement and motion(s).”  On remand, we address 
whether we should vacate our opinion.

Texas Rule of Appellate Procedure 56.3 provides that

[i]f a case is settled by agreement of the parties and all parties so move, the Supreme Court may grant the petition if it has not already been granted and, without hearing argument or considering the merits, render a judgment to effectuate the agreement.  The Supreme Court’s action may include setting aside the judgment of the court of appeals or the trial court without regard to the merits and remanding the case to the trial court for rendition of a judgment in accordance with the agreement. . . . 
In any event, the Supreme Court’s order does not vacate the court of appeals’ opinion unless the order specifically provides otherwise.  An agreement or motion cannot be conditioned on vacating the court of appeals’ opinion.

Tex. R. App. P.
 56.3 (emphasis added).

A settlement does not automatically require the vacating of a court of appeals’ opinion—either by the Texas Supreme Court or by an intermediate appellate court.  
Houston Cable TV, Inc. v. Inwood W. Civic Ass’n
, 860 S.W.2d 72, 73 (Tex. 1993).  While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court’s writing on matters of public importance.  
Id.
  Thus, a court of appeals’ opinion is not vacated when the Texas Supreme Court, upon joint motion, grants a petition for review without reference to the merits, sets aside the judgments of the court of appeals and trial court without reference to the merits, and remands the cause to the appellate court for entry of judgment in accordance with the settlement agreement of the parties.  
Id.

Though rule 56.3 expressly authorizes the Texas Supreme Court to order that our prior opinion be vacated, the Texas Supreme Court did not direct us to do so here. Consequently, after much contemplation, based on the policy considerations expressed in 
Houston Cable TV, Inc.
 and embodied in Texas Rule of Appellate Procedure 56.3 and in the absence of an order from the Texas Supreme Court, we decline to vacate our prior opinion.  
See
 
Tex. R. App. P.
 56.3;
 Houston Cable TV, Inc
, 860 S.W.2d at 73.

Therefore, in accordance with the parties’ settlement agreement and motion, we vacate the trial court’s judgment and render judgment that Sharon Funderburk’s claims against the Dallas/Fort Worth International Airport Board be dismissed with prejudice.  
See 
Tex. R. App. P.
 43.2(e), 56.3.  Costs of the appeal, pursuant to the Texas Supreme Court’s order, shall be paid by the party incurring the same, for which let execution issue.

                 SUE WALKER

JUSTICE

PANEL B: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: November 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.