COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-05-249-CV

 

 

 

DALLAS/FORT WORTH                                                         APPELLANT

INTERNATIONAL AIRPORT BOARD

 

                                                   V.

 

SHARON
FUNDERBURK                                                           APPELLEE

 

                                              ------------

 

FROM THE 141ST
DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]
ON REMAND

------------








After we issued our opinion in this case, the
parties settled.  As part of the
settlement agreement, the parties agreed to seek withdrawal of our
opinion.  To effectuate their agreement
and obtain the relief afforded under Texas Rule of Appellate Procedure 56.3,
Appellant Dallas/Fort Worth International Airport Board filed a petition for
review.  See Tex. R. App. P. 56.3.  The Texas Supreme Court then granted the
petition for review without hearing oral argument or considering the merits and
remanded the case to us Afor rendition of judgment
pursuant to the parties= settlement agreement and
motion(s).@ 
On remand, we address whether we should vacate our opinion.

Texas Rule of Appellate Procedure 56.3 provides that

[i]f a case is settled by agreement of the parties and all parties so
move, the Supreme Court may grant the petition if it has not already been
granted and, without hearing argument or considering the merits, render a
judgment to effectuate the agreement. 
The Supreme Court=s action may include
setting aside the judgment of the court of appeals or the trial court without
regard to the merits and remanding the case to the trial court for rendition of
a judgment in accordance with the agreement. . . . In any event, the Supreme
Court=s order does not vacate
the court of appeals= opinion unless the order specifically provides
otherwise.  An agreement or motion cannot
be conditioned on vacating the court of appeals= opinion.

 

Tex. R. App. P. 56.3 (emphasis added).








A settlement does not automatically require the
vacating of a court of appeals= opinionCeither
by the Texas Supreme Court or by an intermediate appellate court.  Houston Cable TV, Inc. v. Inwood W. Civic
Ass=n, 860
S.W.2d 72, 73 (Tex. 1993).  While
settlement is to be encouraged, a private agreement between litigants should
not operate to vacate a court=s
writing on matters of public importance. 
Id.  Thus, a court of
appeals= opinion
is not vacated when the Texas Supreme Court, upon joint motion, grants a
petition for review without reference to the merits, sets aside the judgments
of the court of appeals and trial court without reference to the merits, and
remands the cause to the appellate court for entry of judgment in accordance
with the settlement agreement of the parties. 
Id.

Though rule 56.3 expressly authorizes the Texas
Supreme Court to order that our prior opinion be vacated, the Texas Supreme
Court did not direct us to do so here. Consequently, after much contemplation,
based on the policy considerations expressed in Houston Cable TV, Inc.
and embodied in Texas Rule of Appellate Procedure 56.3 and in the absence of an
order from the Texas Supreme Court, we decline to vacate our prior
opinion.  See Tex. R. App. P. 56.3; Houston Cable
TV, Inc, 860 S.W.2d at 73.

Therefore, in accordance with the parties=
settlement agreement and motion, we vacate the trial court=s
judgment and render judgment that Sharon Funderburk=s claims
against the Dallas/Fort Worth International Airport Board be dismissed with
prejudice.  See Tex. R. App. P. 43.2(e), 56.3.  Costs of the appeal, pursuant to the Texas
Supreme Court=s order, shall be paid by the
party incurring the same, for which let execution issue.

 

                 SUE WALKER

JUSTICE

 

PANEL B: GARDNER, WALKER,
and MCCOY, JJ.

 

DELIVERED: November 9,
2006











[1]See Tex. R. App. P. 47.4.