**BOSSIER CHRYSLER DODGE II, INC., d/b/a Bossier Country, Appellant**

v.

**Bryan RAUSCHENBERG, Appellee.**

**No. 10–05–00140–CV.**

Court of Appeals of Texas, Waco.

May 7, 2008.

J. Bruce Bennett, Cardwell Hart & Bennett, LLP, William R. Crocker, Austin, for appellant.

Brandon Belt, Gatesville, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

PER CURIAM.

The memorandum opinion of the Court dated April 16, 2008 is withdrawn, and the following opinion is substituted therefor.

The parties have filed a joint motion to set aside the trial court's judgment and remand this case to the trial court for entry of a judgment in accordance with the parties' settlement agreement. *See* Tex. R.App. P. 42.1(a)(2)(B). They ask that costs be taxed against the party incurring same. *Id.* 42.1(d). They also ask that this Court withdraw its prior opinion in this cause issued on June 14, 2006. *See Bossier Chrysler Dodge II, Inc. v. Rauschenberg*, 201 S.W.3d 787 (Tex.App.-Waco 2006), *rev'd in part*, 238 S.W.3d 376 (Tex.

2007) (per curiam). The motion is granted in part.

Because the opinion dated June 14, 2006 addresses "legal issues important to the jurisprudence of Texas," it will not be withdrawn. *See* TEX.R.APP. P. 47.4(b); *see also Olivarez v. State,* 183 S.W.3d 59, 63 (Tex.App.-Waco 2006, order) (op. on reh'g) (per curiam); *Polley v. Odom,* 963 S.W.2d 917, 917–18 (Tex.App.-Waco 1998, order) (per curiam).

The trial court's judgment is set aside without regard to the merits, and this case is remanded to the trial court for entry of a take-nothing judgment in accordance with the parties' settlement agreement. Costs are taxed against the party incurring same.

Chief Justice GRAY provides the following note with regard to this Per Curiam Opinion. On April 16, 2008 the court issued a per curiam memorandum opinion in response to a joint motion of the parties. The memorandum opinion granted the parties motion to set aside the trial court's judgment and remand the proceedings to the trial court. But the per curiam memorandum opinion declined the parties request to withdraw the Opinion of the court that was issued June 14, 2006. The June 14, 2006 opinion had resulted in a judgment that was reversed by the Texas Supreme Court and the proceeding remanded to this court. The stated basis in the memorandum opinion for not withdrawing the opinion which supported the reversed judgment was that it "addressed issues of public importance." I noted that "addressing issues of public importance" was not a basis for designating an opinion as anything other than a memorandum opinion. The implication of my note was that there was no reason to leave the opinion in the public domain because it was not sound precedent and upon the basis stated would not qualify for issuance as an opinion. But the majority now withdraws the April 16, 2008 per curiam memorandum opinion and issues an Opinion that again grants the parties joint motion in part but again declines to withdraw the June 14, 2006 opinion. The stated basis for not withdrawing the June 14, 2006 opinion now is that it "addresses 'legal issues important to the jurisprudence of Texas.' " Nothing in our June 14, 2006 opinion has changed, they just now couch their reasoning in the language of the rule regarding designation of opinions as other than a memorandum opinion. First I would still grant the motion in total and withdraw the June 14, 2006 Opinion. Second, I would not designate the per curiam opinion to which this note is attached as an Opinion. It complies with none of the requirements of the rules of appellate procedure for the designation of an opinion as anything other than a memorandum opinion. Finally, I join the judgment to the extent that it reverses the judgment of the trial court without regard to the merits and remands this proceeding to the trial court.