## WESTERNGECO RESOURCES, INC., Appellant,

v.

## Darold BURCH, Appellee.

No. 14–08–00489–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 5, 2010.

Charles T. Miers, Michael B. Kivort, Richard M. Simses, Houston, for appellant.

Jeffrey L. Raizner, Alan B. Daughtry, Michael P. Doyle, Houston, for appellee.

## OPINION

PER CURIAM.

On April 1, 2010, a panel of this court issued its opinion and judgment in this appeal. Appellees then filed a motion for rehearing and motion for en banc reconsideration. While those motions were pending, appellee filed an unopposed motion to withdraw the opinion pursuant to settlement. The motion also seeks to withdraw appellee's motions for rehearing and for en banc reconsideration.

The motion is granted. This court's opinion filed April 1, 2010, is **WITHDRAWN,** and our judgment of that date is **VACATED.** *See* Tex.R.App. P. 42.1. The appeal is ordered **DISMISSED.** Appellee's motion for rehearing and motion for en banc reconsideration are **DENIED AS MOOT.**

En Banc Majority and Dissenting and Concurring Opinions filed.

En Banc Court consists of Chief Justice HEDGES and Justices YATES, ANDERSON, FROST, SEYMORE, BROWN, BOYCE, SULLIVAN, and CHRISTOPHER.

FROST, J. concurring and dissenting. BOYCE, J. joins.

BOYCE, J., concurring and dissenting. HEDGES, C.J., ANDERSON, J., and FROST, J. join.

KEM THOMPSON FROST, Justice, concurring and dissenting.

I concur in the en banc court's decision to vacate this court's judgment and to dismiss the appeal as moot in light of the parties' settlement agreement, but I disagree with both the decision to grant en banc review and the decision to withdraw the panel opinion.[1]

---

1. Following the issuance of a unanimous panel opinion on April 1, 2010, the party that did

not prevail filed an unopposed motion to withdraw the panel opinion. After the panel

En banc review is not favored and should not be ordered unless necessary to secure or maintain uniformity of this court's decisions or unless extraordinary circumstances require en banc consideration. Tex.R.App. P. 41.2(c). The panel opinion does not conflict with any opinion from this court; thus, en banc consideration of the motion to withdraw is not necessary to secure or maintain uniformity of this court's decisions. Nor do extraordinary circumstances require en banc consideration of the motion to withdraw. Therefore, this court should not grant en banc review.

More importantly, for the reasons stated in Justice Boyce's concurring and dissenting opinion, the en banc court should not order the panel opinion withdrawn.

Because the en banc court makes the wrong choice at both junctures—first by granting en banc consideration of the motion to withdraw and then by ordering withdrawal of the panel opinion—I join neither decision and respectfully dissent from both.

En Banc Court consists of Chief Justice HEDGES and Justices YATES, ANDERSON, FROST, SEYMORE, BROWN, BOYCE, SULLIVAN, and CHRISTOPHER. BOYCE, J., joins this concurring and dissenting opinion.

BOYCE, J., concurring and dissenting. HEDGES, C.J., ANDERSON, J., and FROST, J. join.

WILLIAM J. BOYCE, Justice, concurring and dissenting.

I concur in the en banc court's decision to vacate the appellate court judgment and dismiss this appeal. I respectfully dissent from the en banc court's decision to withdraw the panel opinion filed on April 1, 2010.

The April 1, 2010 panel opinion applied the holdings in *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 387–90 (Tex.2000), and *Harris County v. Smith*, 96 S.W.3d 230, 234–36 (Tex.2002), to a properly preserved and properly briefed complaint in this personal injury action that the trial court erred by refusing a request to break out certain damage elements separately in the jury charge.

The elements at issue here involved future medical damages related to (1) a neck injury attributed to the occurrence, and (2) a shoulder injury also attributed to the occurrence. There was no contention that the state of the evidence precluded differentiation of future medical expenses related to the neck from future medical expenses related to the shoulder. *See generally Texarkana Mem'l. Hosp. v. Murdock*, 946 S.W.2d 836, 840 (Tex.1997) (plaintiff must link specific medical expenses to the liability-causing conduct when there is evidence of multiple medical problems, some of which may be attributable to the liability-causing conduct and some of which may not be attributable to it; "[a] plaintiff should recover only for medical expenses specifically shown to result from treatment made necessary by the negligent acts or omissions of the defendant, where such a differentiation is possible."). Over objection, these elements were combined in the charge so that the jury was asked to find a single dollar amount in a single answer blank for

voted unanimously to deny this motion, a justice of this court requested an en banc vote, and a majority of this court's members voted to consider the motion en banc. *See*

Tex R.App. P. 41.2(c). A majority of the en banc court then voted to grant the motion and to order the panel opinion withdrawn.

"[m]edical care that, in reasonable probability, Darold Burch will sustain in the future."

The opinion concluded there was no evidence to support a damage award for future medical care relating to Burch's shoulder because there was no evidence to establish (1) that Burch will require future medical care for his shoulder problem in reasonable probability, and (2) the estimated cost of such care. Because there was no evidence to support a damage award for future medical care relating to Burch's shoulder, the panel concluded that the trial court erred under *Harris County* by refusing a request to break out the challenged damage element separately in the jury charge. *See Harris County,* 96 S.W.3d at 234–36. The unanimous decision was designated as a full "Opinion" under Texas Rule of Appellate Procedure 47.2(a).

Burch timely filed a motion for panel rehearing and for rehearing en banc. *See* Tex.R.App. P. 49.1, 49.7. Before the court issued rulings on the motions for rehearing, Burch filed an unopposed "Motion to Withdraw Opinion Pursuant to Settlement" under Texas Rule of Appellate Procedure 42.1(c) in which he (1) announced that the parties have settled; (2) stated his desire to withdraw his motions for rehearing and rehearing en banc; and (3) asked the court to exercise its discretion to withdraw the April 1, 2010 panel opinion.

The circumstances described in the motion do not warrant withdrawal of the April 1, 2010 panel opinion. "A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court." *Houston Cable TV, Inc. v. Inwood W. Civic Ass'n,* 860 S.W.2d 72, 73 (Tex. 1993) (per curiam). "Our courts are endowed with a public purpose—they do not

sit merely as private tribunals to resolve private disputes." *Id.* "While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance." *Id.*

Other courts have followed the supreme court's teaching on this point. *See, e.g., Polley v. Odom,* 963 S.W.2d 917, 918 (Tex. App.-Waco 1998, order, no pet.) (per curiam) ("Because our opinion in this case addresses matters of public importance, our duty as a public tribunal constrains us to publish our decision."); *Vida v. El Paso Employees' Fed. Credit Union,* 885 S.W.2d 177, 182 (Tex.App.-El Paso 1994, no writ) ("Although this Court certainly encourages the settlement of controversies … we do not sit as a purely private tribunal to settle private disputes. We believe that our opinion in this case involves matters of public importance, and our duty as an appellate court requires that we publish our decision."). This court should follow the supreme court's teaching, too.

Apart from questions of appellate duty to decide matters of public importance, legitimate concerns also can be raised about whether the court creates unhealthy incentives for future litigants when it withdraws an already-issued opinion pursuant to the parties' settlement. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 28, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) ("*Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.") (original emphasis).

By withdrawing the April 1, 2010 panel opinion pursuant to the parties' settlement, the court does more than Rule 42.1(c) re-

quires and less than Rule 47.1 demands. Accordingly, I respectfully dissent.

En Banc Court consists of Chief Justice HEDGES and Justices YATES, ANDERSON, FROST, SEYMORE, BROWN, BOYCE, SULLIVAN, and

CHRISTOPHER. HEDGES, C.J., ANDERSON, J., and FROST, J., join this concurring and dissenting opinion.

FROST, J. concurring and dissenting. BOYCE, J. joins.