**Concurring and dissenting opinion issued November 15, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-09-00448-CV

———————————

**QUALITY INFUSION CARE, INC., Appellant**

**V.**

**HEALTH CARE SERVICE CORPORATION D/B/A BLUE CROSS AND BLUE SHIELD OF TEXAS; HOWARD KING; AND HILL & FINKEL, L.L.P., Appellees**

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Case No. 2008-04683**

---

## CONCURRING AND DISSENTING OPINION ON REHEARING

I concur with the portion of this Court's judgment vacating our December 29, 2011 judgment and dismissing the appeal. *See* TEX. R. APP. P. 42.1(a).

Subsumed in that portion of the judgment, I agree with this Court dismissing the January 13, 2012 motion for rehearing as moot.

I dissent, however, from the portion of the new judgment that withdraws our December 29, 2011 opinion. *See* TEX. R. APP. P. 42.1(c).

The Supreme Court of Texas has made the policy concerns with withdrawing opinions after settlement clear:

> A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court. Our courts are endowed with a public purpose—they do not sit merely as private tribunals to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance.

*Houston Cable TV, Inc. v. Inwood West Civic Ass'n*, 860 S.W.2d 72, 73 (Tex.1993). The settling parties' motion to vacate and affirm does not advance a reason why the former unanimous non-memorandum opinion[1] should be withdrawn—they merely ask the Court to do so, presumably for solely private purposes.

---

[1] *See Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, No. 01-09-00448-CV, 2011 WL 6938518 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011).

2

Without a statement from the settling parties as to why withdrawing the opinion serves the public interest, I would not do so and, accordingly, I respectfully dissent to such withdrawal.


Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Massengale.