JIM SHARP, Justice,
concurring and dissenting.
I concur with the portion of this Court’s judgment vacating our December 29, 2011 judgment and dismissing the appeal. See Tex.R.App. P. 42.1(a). Subsumed in that portion of the judgment, I agree with this Court dismissing the January 13, 2012 motion for rehearing as moot.
I dissent, however, from the portion of the new judgment that withdraws our December 29, 2011 opinion. See Tex.R.App. P. 42.1(c).
The Supreme Court of Texas has made the policy concerns with withdrawing opinions after settlement clear:
A settlement does not automatically require the vacating of a court of appeals’ opinion — either by this court or by the intermediate appellate court. Our courts are endowed with a public purpose — they do not sit merely as private tribunals to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court’s writing on matters of public importance.
Houston Cable TV, Inc. v. Inwood West Civic Ass’n, 860 S.W.2d 72, 73 (Tex.1993). The settling parties’ motion to vacate and affirm does not advance a reason why the former unanimous non-memorandum opinion[1] should be withdrawn — they merely ask the Court to do so, presumably for solely private purposes.
Without a statement from the settling parties as to why withdrawing the opinion serves the public interest, I would not do so and, accordingly,. I respectfully dissent to such withdrawal.

. See Quality Infusion Care, Inc. v. Health Care Serv. Corp., No. 01-09-00448-CV, 2011 WL 6938518 (Tex.App.-Houston [1st Dist.] Dec. 29, 2011).