

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00373-CV

JPMORGAN CHASE BANK, N.A.                                          APPELLANT

V.

PROFESSIONAL PHARMACY II                                          APPELLEE

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 17-231360-08

----------

## MEMORANDUM OPINION[1] AND JUDGMENT

----------

We decided this appeal in an opinion issued December 31, 2014. *See JPMorgan Chase Bank, N.A. v. Prof'l Pharmacy II*, No. 02-11-00373-CV, 2014 WL 7473779 (Tex. App.—Fort Worth Dec. 31, 2014, no pet.). We issued a corrected judgment on January 12, 2015, in which we withdrew our judgment but not our opinion of December 31, 2014, and substituted a corrected judgment.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant has filed an "Unopposed Motion to Dismiss Appeal and Withdraw Opinion" stating that the parties have "resolved all of the claims at issue in the underlying litigation and in this appeal." Appellant requests that we withdraw our opinion and dismiss the appeal. We grant the motion in part and deny the motion in part. *See* Tex. R. App. P. 42.1(a)(1) (providing that appellate court may dismiss appeal in accordance with appellant's motion), 42.1(c) ("In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued. An agreement or motion for dismissal cannot be conditioned on withdrawal of the opinion.").

The Texas Supreme Court has made the policy concerns with withdrawing opinions after settlement clear:

> A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court. Our courts are endowed with a public purpose—they do not sit merely as private tribunals to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance.

*Houston Cable TV, Inc. v. Inwood W. Civic Ass'n.*, 860 S.W.2d 72, 73 (Tex. 1993); *see Vida v. El Paso Emps. Fed. Credit Union*, 885 S.W.2d 177, 182 (Tex. App.—El Paso 1994, no writ) (op. on reh'g) ("Although this Court certainly encourages the settlement of controversies, we remind the parties that we do not sit as a purely private tribunal to settle private disputes. We believe that our opinion in this case involves matters of public importance, and our duty as an appellate court requires that we publish our decision.").

2

Because our opinion in this case addresses matters of public importance, we will not withdraw our prior opinion. *See Houston Cable TV*, 860 S.W.2d at 73; *Vida*, 885 S.W.2d at 182. We withdraw our corrected judgment and dismiss the appeal. *See* Tex. R. App. P. 42.1(a)(1), 43.2(f).

Costs of appeal shall be paid by Appellant, for which let execution issue. *See* Tex. R. App. P. 42.1(d).

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER and MEIER, JJ.[2]

DELIVERED: March 12, 2015

---

[2]Justice McCoy was a member of the original panel but has retired in the interim. This case was decided by the two remaining justices. *See* Tex. R. App. P. 41.1(b).