**Order issued February 7, 2017.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00299-CV

————————————

**WWW.URBAN, INC., Appellant**

**V.**

**CHRIS DRUMMOND, Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-33836**

---

## MEMORANDUM ORDER ON REHEARING

The parties have filed a joint motion stating that they have reached a settlement agreement and requesting that we withdraw our opinion dated August 30, 2016, or, alternatively, if we elect not to withdraw the opinion, the parties request

that we re-designate our August 30, 2016 opinion as a memorandum opinion.[1] The parties also request that we vacate our judgment dated August 30, 2016, and issue a new judgment setting aside the trial court's judgment without regard to the merits, remanding the case to the trial court for entry of a final judgment pursuant to the parties' settlement agreement, and releasing a cash deposit that WWW.Urban, Inc. filed with the registry of the court. We **grant** the motion in part and **deny** the motion in part. *See* TEX. R. APP. P. 42.1(a)(2) (providing that appellate court may dispose of appeal in accordance with agreement signed by parties or their attorneys); TEX. R. APP. P. 42.1(c) ("In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued. An agreement or motion for dismissal cannot be conditioned on withdrawal of the opinion.").

The Texas Supreme Court has made the policy concerns with withdrawing opinions after settlement clear:

> A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court. Our courts are endowed with a public purpose—they do not sit merely as private tribunals to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance.

*Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993); *Vida v. El Paso Emps. Fed. Credit Union*, 885 S.W.2d 177, 182 (Tex. App.—El

---

[1] We construe the parties' motion as a motion for rehearing. *See e.g.*, *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Paso 1994, no writ) ("Although this Court certainly encourages the settlement of controversies, we remind the parties that we do not sit as a purely private tribunal to settle private disputes. We believe that our opinion in this case involves matters of public importance, and our duty as an appellate court requires that we publish our decision."). Because our opinion in this case addresses matters of public importance, our duty as a public tribunal constrains us to publish our decision. *See Houston Cable TV*, 860 S.W.2d at 73; *Vida*, 885 S.W.2d at 182. We therefore deny the parties' motion to vacate the opinion.

However, to facilitate the parties' settlement agreement, we grant the motion to vacate our August 30, 2016 judgment, and we set aside the trial court's judgment without regard to the merits, and remand the case to the trial court for entry of a final judgment. *See Houston Cable TV*, 860 S.W.2d at 73; *Piro v. Sarofim*, 80 S.W.3d 717, 721 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Polley v. Odom*, 963 S.W.2d 917, 918 (Tex. App.—Waco 1998, order) (per curiam).

Furthermore, the Harris County District Clerk is ordered to release the $500 cash deposit that WWW.Urban, Inc. deposited into its Registry in accordance with the parties' settlement agreement.

Costs of the appeal are taxed against the parties who incurred them. *See* TEX. R. APP. P. 42.1(d).

The Clerk is directed to issue the mandate upon issuance of this order, in accordance with the parties' agreement. *See* TEX. R. APP. P. 18.1(c).


Russell Lloyd
Justice


Panel consists of Justices Keyes, Massengale, and Lloyd.