

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00230-CV

DIMOCK OPERATING COMPANY AND JOE W. DIMOCK
D/B/A DIMOCK PETROLEUM, APPELLANTS

V.

SUTHERLAND ENERGY CO., LLC, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 11098, Honorable Dan Mike Bird, Presiding

October 22, 2018

## ORDER SUSPENDING ENFORCEMENT OF JUDGMENT
## AND DISMISSING APPEAL

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Pending before the Court is the parties' joint motion to dismiss the appeal. We issued an opinion and judgment in this case on March 13, 2018, but withdrew them and substituted our opinion and judgment on rehearing on April 24, 2018. A petition for review was denied by the Texas Supreme Court on August 31, 2018. We have not yet issued a mandate to enforce the April 24 judgment. *See* TEX. R. APP. P. 18.1(a)(2).

By letter of September 13, 2018, we directed the parties to show whether we have jurisdiction to grant their motion to dismiss. Appellants, Dimock Operating Company and Joe W. Dimmock d/b/a Dimock Petroleum, filed a response asserting that the Supreme Court ceased to have jurisdiction over the appeal on September 18, 2018, fifteen days after the petition for review was denied. *See* TEX. R. APP. P. 64.1, 64.5, 4.1(a). In their response, appellants request that we do not issue a mandate to enforce the April 24 judgment or, in the alternative, that we suspend enforcement of the April 24 judgment. According to appellants, the parties have entered into a settlement agreement and remanding this cause to the trial court for further proceedings pursuant to the April 24 judgment would directly conflict with that agreement. Finally, appellants request that we withdraw our March 13 and April 24 opinions in dismissing the appeal. Appellee, Sutherland Energy Co., LLC, did not respond to our letter.

This Court's plenary power expired on June 25, 2018, sixty days after the April 24 judgment. *See* TEX. R. APP. P. 19.1(a), 4.1(a). Because our plenary power has expired, we cannot vacate or modify the judgment. *See* TEX. R. APP. P. 19.3. We may, however, suspend its enforcement. *See* TEX. R. APP. P. 19.3(c). Therefore, to facilitate the parties' settlement agreement, we grant appellants' request and suspend enforcement of our April 24 judgment.

For this reason, we will also grant the parties' motion to dismiss the appeal. In dismissing the appeal, we must determine whether to withdraw any opinion previously issued. *See* TEX. R. APP. P. 42.1(c). A settlement by the parties does not automatically require that we vacate our opinion. *Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam). Because courts are endowed with a public

2

purpose, a private agreement between litigants should not operate to vacate a court's writing on matters of public importance. *Id.* As our April 24 opinion addresses issues of public importance, we deny appellants' request to withdraw the opinion. Our March 13 opinion was previously withdrawn.

Accordingly, we permanently suspend enforcement of the April 24 judgment to facilitate the parties' settlement agreement and grant the parties' motion to dismiss the appeal. TEX. R. APP. P. 19.3(c), 42.1(a). The appeal is dismissed. No motion for rehearing will be entertained and our mandate will issue forthwith. Pursuant to the motion to dismiss, all costs on appeal are assessed against the party incurring them. TEX. R. APP. P. 42.1(d).

Judy C. Parker
Justice