**Concurring Opinion on Order filed January 4, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00204-CV

## CCC GROUP, INC., Appellant

## V.

## ENDURO COMPOSITES, INC. AND J.P. MACK INDUSTRIES, LLC, Appellees

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-18092**

## CONCURRING OPINION

I concur with granting the joint motion to dismiss the appeal pursuant to the settlement agreement.

I understand that the court does not have to withdraw its opinion that issued before the parties' settlement, and there has been no request that the opinion be withdrawn. That should not come as a surprise, however, because the parties cannot condition a settlement on the withdrawal of the opinion. Tex. R. App. P.

42.1(c); *Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam) ("A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court."). I would not read anything into the absence of a request to withdraw the opinion.

A reasonable question is whether the court should allow an opinion to remain as stare decisis when that opinion can no longer be directly challenged on appeal. In this case the opinion was not unanimous, and I saw no reason to invite publication in the *South Western Reporter*. The court offers no explanation.

Based on the settlement, I no longer join in the court's analysis as to part II(A) of the opinion. I would withdraw the opinion and continue to disagree with the opinion's status as a non-memorandum opinion.

/s/    Charles A. Spain
Justice

Panel consists of Justices Jewell, Spain, and Wilson (Wilson, J., majority).