**Motion Granted, Appeal Dismissed, and Order and Corrected Judgment and Mandate filed May 26, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00827-CV

---

**THOMPSON HANCOCK WITTE & ASSOCIATES, INC., Appellant**

**V.**

**BRAZOS PRESBYTERIAN HOMES, INC., Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-81155**

---

### ORDER

This is an interlocutory appeal from an order signed November 25, 2020 denying appellant's motion to dismiss pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code. On April 5, 2022, this court issued a memorandum opinion affirming the trial court's order. On May 13, 2022, appellant filed an unopposed motion to dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.1(a)(1), with costs on appeal taxed against the party incurring same, as

the parties have settled the dispute between them.[1]  The motion is expressly not conditioned on withdrawal of this court's opinion, *see* Tex. R. App. P. 42.1(c), and it also states appellee requests this court's opinion be left undisturbed.

After considering the motion, the motion is hereby GRANTED.  The court's judgment dated April 5, 2022 is hereby withdrawn, and a corrected judgment will issue resolving the appeal as requested in the motion.  The court declines to withdraw its April 5, 2022 memorandum opinion.  Tex. R. App. P. 42.1(c); *see also Hous. Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam).

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[1] Although the motion was styled as a joint motion, it was solely signed by counsel for appellant, though the certificate of conference stated the motion was not opposed by appellee.  Further, although the motion simultaneously seeks to set aside this court's judgment without regard to its merits and remand the case to the trial court for rendition of judgment pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(B), it is not accompanied by an "agreement signed by the parties or their attorneys and filed with the clerk," making relief inappropriate under that rule.  *See* Tex. R. App. P. 42.1(a)(2). However, the motion states that if this interlocutory appeal is dismissed the trial court will be allowed to effectuate their settlement agreement.  Accordingly, we construe the motion as seeking a dismissal under Rule 42.1(a)(1) as an alternative to relief under Rule 42.1(a)(2)(B).