

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EVELYN GARZA, individually, and on behalf of RUBEN ROBERTO GARZA, deceased, MALORIE ELISSA GARZA, VALERIE MARIE GARZA, and ALICE HERNANDEZ GARZA | § <br> § <br> § | No. 08-21-00044-CV <br><br> Appeal from the <br><br> 112th Judicial District Court |
| Appellants, | § | of Crockett County, Texas |
| v. | § | (TC# 19-02-07955-CV) |
| ADRIAN DARIUS SAMUEL, RDL ENERGY SERVICES, LP, RDL ENERGY, LLC and JPH HOLDINGS, LLC | § <br><br> § | |
| Appellees. | § | |

**SUPPLEMENTAL MEMORANDUM OPINION**

The parties have filed a joint motion stating that they have reached a settlement agreement that requires them to ask this Court to dismiss the appeal, dismiss Appellants' pending motion for rehearing, withdraw the Court's opinion rendered on December 20, 2022, vacate the Court's judgment that was rendered that same day, and "render judgment that all of Appellants' claims against Appellees RDL Energy Services, LP, RDL Energy, LLC, and JPH Holdings, LLC are dismissed with prejudice pursuant to the parties' agreement." We grant the motion in part and deny it in part.

Rule 42.1(a) of the Texas Rules of Appellate Procedure provides that an appellate court may "[i]n accordance with an agreement signed by the parties or their attorneys . . . render judgment effectuating the parties' agreement." *See* TEX. R. APP. P. 42.1(a)(2)(A). The parties have requested that we both render judgment and dismiss the appeal pursuant to their agreement. While Rule 43.2 of the Texas Rules of Appellate Procedures gives an appellate court the authority to render judgment or dismiss an appeal, we cannot do both.[1] *See Verdugo v. Salinas*, No. 04-22-00633-CV, 2023 WL 4096770, at *1 (Tex. App.—San Antonio June 21, 2023, no pet.) (per curiam) ("We may not dismiss this appeal *and* render judgment."); *Ruvalcaba v. Ortega*, No. 14-17-00206-CV, 2018 WL 4017013, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018, no pet.) (mem. op.) (holding that "parties' request for both dismissal of the appeal and rendition of judgment in the appeal are mutually exclusive"); *Lantana Ridge Prop. Owners Ass'n, Inc. v. SJWTX, Inc.*, No. 03-19-00303-CV, 2021 WL 904865, at *1 (Tex. App.—Austin Mar. 10, 2021, no pet.) (recognizing that a court "may not both dismiss an appeal and reverse and render judgment") *see also FarWest Ins. Co. v. State*, No. 08-04-00158-CV, 2004 WL 1771241, at *1 (Tex. App.—El Paso Aug. 5, 2004, no pet.) (mem. op.) (recognizing that while "we are authorized to vacate the trial court's judgment and dismiss the underlying case, we are unable to both vacate the trial court's judgment and dismiss the appeal").

Nevertheless, we construe the relief requested in the parties' motion as a request for the rendition of judgment rather than dismissal of the appeal. Accordingly, to effectuate the parties' agreement, we vacate our judgment of December 20, 2022, render judgment dismissing all of

---

[1] Rule 43.2 of the Texas Rules of Appellate Procedure gives a court of appeal the authority to affirm or modify a trial court's judgment in whole or in part; reverse a trial court's judgment and render the judgment that the trial court should have rendered; vacate the trial court's judgment and dismiss the case; or dismiss the appeal. TEX. R. APP. P. 43.2.

Appellants' claims against Appellees with prejudice, and dismiss Appellees' motion for rehearing as moot. But insofar as the motion requests dismissal of the appeal, we deny that request.

We also deny the request to withdraw our previously-issued opinion. Rule 42.1(c) provides that in dismissing a proceeding pursuant to the parties' agreement, an appellate court "will determine whether to withdraw any opinion it has already issued," and that an "[a]greement or motion for dismissal cannot be conditioned on withdrawal of the opinion." TEX. R. APP. P. 42.1(c). Accordingly, the parties' settlement agreement does not automatically require an appellate court to withdraw a previously-issued opinion. *See Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam); *see also Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 392 (Tex. 2000) (recognizing that a "settlement or release does not automatically require vacating an opinion"). In determining whether to grant a request to withdraw an opinion, we keep in mind that "[o]ur courts are endowed with a public purpose [and] they do not sit merely as private tribunals to resolve private disputes." *Id.* Thus, while we recognize that settlement agreements are to be encouraged, a "private agreement between litigants should not operate to vacate a court's writing on matters of public importance." *Id; see also Vida v. El Paso Emps. Fed. Credit Union*, 885 S.W.2d 177, 182 (Tex. App.—El Paso 1994, no writ) (on rehearing) ("Although this Court certainly encourages the settlement of controversies, we remind the parties that we do not sit as a purely private tribunal to settle private disputes" and where a "case involves matters of public importance . . . our duty as an appellate court requires that we publish our decision.").

Because we have determined that our December 20, 2022 opinion addresses issues of public importance, and because the settling parties have not provided us with any reasons why they believe withdrawing our opinion would serve a public interest, we decline their request to withdraw the opinion. *See Alvarado v. Lexington Ins. Co.*, No. 01-10-00740-CV, 2012 WL

3

6213457, at *1 (Tex. App.—Houston [1st Dist.] Dec. 13, 2012, no pet.) (mem. op.) (opinion that addressed matters of public importance would not be withdrawn in the absence of a "statement from the settling parties as to why withdrawing the opinion [] serves the public interest").

And finally, as the parties have not informed us of any agreement to the contrary, all costs are taxed to Appellants. *See* TEX. R. APP. P. 42.1 (d) ("Absent agreement of the parties, the court will tax costs against the appellant" when dismissing an appeal pursuant to a settlement agreement).

YVONNE T. RODRIGUEZ, Chief Justice

September 29, 2023

Before Rodriguez, C.J., Palafox, Alley, JJ.
Alley, J. (not participating)