

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE HOOTEN FAMILY TRUST B ROBERT C. HOOTEN, | § | No. 08-23-00327-CV |
| | § | Appeal from the |
| Appellant, | | |
| | § | 37th Judicial District Court |
| v. | | |
| | § | of Bexar County, Texas |
| MARSHA ELLEN COLLINS, TRUSTEE OF THE HOOTEN FAMILY TRUST B, | § | (TC# 2023CI09678) |
| Appellee. | | |

## <u>SUPPLEMENTAL MEMORANDUM OPINION</u>

We issued an opinion in this appeal affirming the judgment of the trial court on September 16, 2024. Appellant subsequently filed a motion for rehearing, which we denied on December 9, 2024. *See* Tex. R. App. P. 19.1(b) (providing that a court of appeals has plenary power over its judgment for 30 days after the court overrules all timely filed motions for rehearing). Now pending before the Court is a joint motion to dismiss the appeal with prejudice signed by both parties stating they have settled and resolved all matters in dispute.

Although filed jointly, the motion does not contain a settlement agreement as required by Rule 42.1(a)(2). *Id.* 42.1(a)(2) (requiring an agreement signed by the parties or their attorneys and filed with the appellate clerk). We therefore construe the motion as an unopposed motion to dismiss

by Appellant. *See Id.* 42.1(a)(1) (authorizing an appellate court to dismiss an appeal on the motion of the appellant). As construed, the motion is GRANTED.

We vacate our September 16, 2024, judgment and dismiss the appeal with prejudice. Costs are taxed against the party incurring the same as provided in the motion. *Id.* 42.1(d). The parties have not requested that we withdraw our September 16, 2024 opinion, and we decline to do so. *See Id.* 42.1(c) ("In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued. An agreement or motion for dismissal cannot be conditioned on withdrawal of the opinion."); *Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam) ("A settlement does not automatically require the vacating of a court of appeals' opinion[.]").

MARIA SALAS MENDOZA, Chief Justice

January 6, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.