

# Fourth Court of Appeals
## San Antonio, Texas

### SUPPLEMENTAL MEMORANDUM OPINION

No. 04-22-00524-CV

**ROCKSPRINGS VAL VERDE WIND, LLC**,
Appellant

v.

Jackie **CASANOVA**, RPA, CCA, in her capacity as the Chief Appraiser of the Val Verde
County Appraisal District,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 34133
Honorable Roland Andrade, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Liza A. Rodriguez, Justice[1]
Lori I. Valenzuela, Justice

Delivered and Filed: April 2, 2025

SET ASIDE AND REMANDED

We issued an opinion in this case on December 31, 2024, reversing and remanding the trial

court's final judgment. On January 29, 2025, appellee filed a motion for en banc reconsideration.

On March 14, 2025, while appellee's motion was pending, appellant and appellee filed a joint

motion to dismiss advising the court that the parties have resolved their dispute, and all settlement

documents have been finalized. *See* TEX. R. APP. P. 42.1(a)(2). The parties also request this court

set aside the trial court's judgment without regard to the merits and remand the case to the trial

---

[1] Justice Liza A. Rodriguez, who participated in this court's original opinion dated December 31, 2024, is no longer a
sitting justice on the Fourth Court of Appeals and thus does not participate in the supplemental memorandum opinion
and accompanying judgment.

court for rendition of judgment in accordance with the agreement. *See* TEX. R. APP. P. 42.1(a)(2)(B) (providing that appellate courts may dispose of appeals by setting aside the trial court's judgment without regard to the merits and remanding the case to the trial court to render judgment in accordance with the parties' agreement).

We grant the parties' agreed motion to dismiss the appeal. Accordingly, we withdraw our December 31, 2024 judgment and set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the parties' agreement. *See id.*

The parties have not requested that we withdraw our December 31, 2024 opinion, and we decline to do so. *See* TEX. R. APP. P. 42.1(c) ("In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued."); *Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) ("A settlement does not automatically require the vacating of a court of appeals' opinion—either by this court or by the intermediate appellate court.").

Irene Rios, Justice